IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


WADDELL WARREN,

          Plaintiff,

                                          CIVIL ACTION
    vs.                                 No. 06-3345-SAC

JAMES LUSK, et al.,


          Defendants.


ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, submitted in initial partial filing fee, and the court grants leave to proceed in forma pauperis.[1]

Plaintiff names as defendants five public defenders. The

---

[1] Plaintiff is advised that he remains obligated to pay the balance of the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

claims begin with the time criminal charges were filed against the plaintiff in March 1991 and continue through May 2002, with the filing of plaintiff's motion to correct an illegal sentence. Plaintiff broadly alleges each public defender conspired with state judges and prosecutors.  He seeks damages.

A public defender ordinarily is not liable under § 1983 because "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  Polk County v. Dodson, 454 U.S. 312, 318 (1981).  However, a public defender may be liable in an action pursuant to § 1983 if a conspiracy with state officials is proven.  See Tower v. Glover, 467 U.S. 914 (1984).

A plaintiff states a viable claim of conspiracy by presenting "pleadings [that] specifically present facts tending to show agreement and concerted action."  Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983).  "Conclusory allegations of conspiracy are insufficient to state a valid §1983 claim."  Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). Accordingly, this matter could proceed only if plaintiff provided additional factual support for his claims of conspiracy.  However, because the initial screening of this matter suggests that there is a separate procedural obstacle in this

matter, the court will not direct plaintiff to supplement the allegations of conspiracy.

To the extent plaintiff seeks monetary damages in this action, a decision in his favor would imply the invalidity of his conviction.  In Heck v. Humphrey, 512 U.S. 477 (1994), the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed" or otherwise overturned.   512 U.S. at 486-87.  Accordingly, plaintiff's claims are premature unless he can demonstrate that his conviction has been reversed or set aside.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. §1915(b)(2) until plaintiff satisfies the filing fee.

IT IS FURTHER ORDERED plaintiff is granted to and including May 4, 2007, to show that his conviction has been overturned, and, if not, to show cause why this matter should not be dismissed for the reasons set forth herein.  The failure to file a timely response may result in the dismissal of this matter without prejudice and without additional prior notice.

Copies of this order shall be transmitted to the plaintiff and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 17th day of April, 2007.


                                          S/ Sam A. Crow
                                          SAM A. CROW
                                          United States Senior District Judge